**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
vs. ) CR. No. CR 07 024 ML
) In violation of 18 U.S.C. §§
) 1341 and 1343
SAMUEL SACCO )

**INFORMATION**

The United States Attorney charges:

**COUNT 1**

**A. Introduction**

1. At all times material to this Information, defendant SAMUEL SACCO was employed as the Chief Financial Officer ("C.F.O.") of Spectra Systems Corporation ("Spectra"), a Rhode Island based corporation.

2. As the C.F.O. of Spectra, defendant SAMUEL SACCO was responsible for the financial operations of the company, including overseeing expenses to be paid by the company to employees and to outside vendors.

3. Shortly after defendant SAMUEL SACCO began his employment with Spectra in September 2000, he was provided with a corporate American Express card. Defendant SAMUEL SACCO was instructed that the American Express card was to be used for business expenses and that the payment of the charges on the American Express bill would be made by Spectra.

### B. **The Scheme**

4. Beginning in or about December 2000, and continuing until in or about August 2006, in the District of Rhode Island and elsewhere, the defendant,

SAMUEL SACCO

knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property, from Spectra by means of false and fraudulent pretenses, representations, and promises.

### C. **Manner and Means**

5. It was part of the scheme that defendant utilized the corporate American Express card to charge thousands of dollars worth of personal expenses, including airline tickets for family members, family vacations, jewelry and electronic equipment.

6. It was a further part of the scheme that defendant SAMUEL SACCO failed to advise Spectra of the personal nature of the American Express charges, causing Spectra to make payment to American Express for these personal expenses.

7. It was a further part of the scheme that defendant SAMUEL SACCO caused accounts payable checks to be issued by Spectra in payment for defendant's personal expenses, including payment for country club fees, life insurance premiums and fees for a sporting club.

D. **Execution of the Scheme**

8. On or about December 15, 2005, in the District of Rhode Island, for the purpose of executing the aforementioned scheme and artifice, and attempting to do so, defendant SAMUEL SACCO did knowingly cause to be delivered to American Express Corporation by United States mail, a check issued by Spectra in the amount of $22,504.21, which included payment for defendant's personal expenses, including jewelry purchased by the defendant.

In violation of 18 U.S.C. §1341.

**COUNT 2**

A. **Introduction**

1. The United States Attorney realleges and incorporates by reference paragraphs 1 and 2 of Count One of this Information in their entirety as though fully set forth herein.

2. The employment agreement between Spectra and defendant SAMUEL SACCO provided that a bonus of up to thirty percent of salary may be offered to defendant at the discretion of the Compensation Committee of Spectra's Board of Directors.

**B. The Scheme**

3. Beginning in or about January 2002, and continuing until in or about December 2005, in the District of Rhode Island the defendant,

SAMUEL SACCO

knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property, from Spectra by means of false and fraudulent pretenses, representations, and promises.

**C. Manner and Means**

4. It was part of the scheme that defendant SAMUEL SACCO falsely informed Spectra's Controller that Spectra's Compensation Committee had awarded the defendant with annual bonuses. In fact, during the period of 2002 through 2005, no bonuses were authorized by Spectra's Compensation Committee to be paid to defendant SACCO.

5. It was a further part of the scheme that, at the direction of defendant SAMUEL SACCO, Spectra's Controller processed unauthorized bonuses to defendant SACCO during the years 2002-2005.

D. **Execution of the Scheme**

6. On or about December 19, 2005, in the District of Rhode Island, for the purpose of executing the aforementioned scheme and artifice, and attempting to do so, defendant SAMUEL SACCO did knowingly cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs and signals, that is an electronic wire transfer of $25,910.06 from the bank account of Spectra into defendant SACCO's personal bank account at the Bank of America.

In violation of 18 U.S.C. §1343.

ROBERT CLARK CORRENTE
United States Attorney

By: Lee Vilker

LEE H. VILKER
Assistant U.S. Attorney

Luis M. Matos

LUIS M. MATOS
Criminal Chief

2/28/07

Date