CiviGenics

April 8, 1999

Mr. Samuel Sacco
27 Lee Rd.
Barrington, RI 02086

Dear Mr. Sacco:

The purpose of this letter agreement (the "Agreement") is to confirm the terms regarding your separation of employment with CiviGenics, Inc. ("CiviGenics" or the "Company")[1]. As you know, you admitted that while employed with the Company, you improperly diverted funds of the Company to your personal use in the amount of Forty-Two Thousand, Eight Hundred Twenty Dollars and Forty-Five Cents ($42,820.45), between September 1998 and March 1999. Accordingly, CiviGenics hereby terminates your at-will employment with the Company as of April 8, 1999. As more fully set forth below, CiviGenics desires to provide you with forbearance and salary continuation in exchange for certain agreements by you.

1. **Acknowledgment.** You acknowledge and agree that by improperly diverting Company funds to your personal use you engaged in activity that was harmful to the interests of the Company.

2. **Representations**. You represent that you have disclosed to the Company any and all amounts of Company funds that you improperly diverted to your personal use, and that the total amount of all such improperly diverted funds equals and does not exceed Forty-Two Thousand Eight Hundred Twenty Dollars and Forty-Five Cents ($42,820.45) ("Diverted Funds"). You also represent that you have no funds, convenience checks or any other ability to draw on Company accounts in your possession, custody or control, other than the amount of Diverted Funds you have disclosed to the Company.

---

[1] For the purposes of this Agreement, the parties agree that the term "CiviGenics" or the "Company" is intended to include CiviGenics, Inc., its parent company, if any, and any other divisions, affiliates and subsidiaries, CAPSTAN, LLC, any joint ventures, successors and its and their respective officers, directors, employees, agents and assigns.

3. __Separation of Employment.__ Your employment with CiviGenics will terminate effective April 8, 1999 (the "Separation Date"). You acknowledge that from and after the Separation Date, you shall have no authority and shall not represent yourself as an employee or agent of CiviGenics.

4. __Resignation as Officeholder.__ You agree to resign any positions you hold as an officer or director of CiviGenics, Inc., as well as any joint ventures and any subsidiaries of the Company and that you will execute the Notice of Resignation attached hereto as __Exhibit A.__

5. __Forfeiture of Stock Options.__ You agree to forfeit, as of the Effective Date, any and all Option Stock in the Company which you hold or which you may be entitled to hold pursuant to the CiviGenics, Inc. Incentive Stock Option Agreement, dated as of March 10, 1997, (the "ISO Agreement") and the CiviGenics, Inc. 1997 Stock Award and Option Plan (the "Option Plan"), incorporated therein or in any other plan.

6. __Severance.__ In exchange for and subject to the mutual covenants set forth in this letter, the Company agrees to provide you with the following Forbearance and Salary Continuation, and other resources, (collectively, "Severance").

(a) **Forbearance.** The Company agrees to forbear from initiating legal action to recover from you the Diverted Funds. Nothing herein shall preclude the Company from taking any action whatsoever, including from initiating legal action to recover the Diverted Funds, including, without limitation, for any misrepresentations made herein or any breach of this Agreement.

(b) **Salary Continuation.** In exchange for the mutual covenants set forth in this letter, on or after the eighth (8th) day following your execution of this Agreement, (the "Effective Date"), CiviGenics agrees to provide you with Salary Continuation commencing on the Effective Date and continuing thereafter for a period of Fourteen (14) days, in the gross sum of Four Thousand Six Hundred Fifteen Dollars and Thirty-Nine Cents ($4,615.39), less all applicable federal, state, local and other employment-related deductions, which sum shall represent your current annual salary rate of One Hundred Twenty Thousand Dollars per year ($120,000.00/yr), pro-rated for Fourteen (14) days. You may, upon completion of the appropriate forms required by COBRA, continue your medical and dental insurance coverage to the extent permitted by the provisions of COBRA. The COBRA qualifying event shall be deemed to be the Separation Date.

(c) **Company Car.** You shall return the Company car and all related material (such as keys, instructions, etc.) to Robert E. Kinney no later than Thirty (30) days after the Effective Date.

You acknowledge and agree that the Severance provided in this Agreement is not otherwise due or owing to you under any CiviGenics employment agreement (oral or written) or CiviGenics policy or practice, and that this Severance to be provided to you is not intended to, and shall not constitute, a severance plan, and shall confer no benefit on anyone other than the parties hereto. You further acknowledge that except for (i) the specific financial consideration set forth in this Agreement; (ii) earned but unpaid regular wages earned through the Separation Date, which shall be paid on or about the Separation Date; and (iii) accrued and unused vacation days which have been earned as of the Separation Date, which shall be paid on or about the Separation Date, you are not and shall not in the future be entitled to any other compensation including, without limitation, other wages, commissions, bonuses, vacation pay, holiday pay or any other form of compensation or benefit.

7. **Misrepresentation.** You agree that any misrepresentation made by you herein, including any misrepresentation regarding the amount of Company funds you wrongfully have diverted to your personal use, shall constitute a material breach of this Agreement and shall relieve CiviGenics of any further obligations hereunder and, in addition to any other legal or equitable remedy available to CiviGenics, shall entitle CiviGenics to recover any Severance already paid to you pursuant to Section 2 of this letter and to initiate legal action to recover from you the full amount of the Diverted Funds.

8. **Confidentiality and NonCompetition.** You expressly acknowledge and agree to the following:

(a) that you shall abide by the provisions of the Employee Nondisclosure and Developments Agreement (the "Nondisclosure Agreement," the terms of which are hereby incorporated by reference and shall survive the signing of this Agreement) which you have previously executed and which is attached hereto as Exhibit B, and that you shall abide by any and all common law and/or statutory obligations relating to protection and non-disclosure of CiviGenics's trade secrets and/or confidential and proprietary documents and information;

(b) that all information relating in any way to the negotiation of this Agreement, including the terms and amount of financial consideration provided for in this Agreement, shall be held confidential by you and shall not be publicized or disclosed to any person (other than an immediate family member, legal counsel or financial advisor, provided that any such individual to whom disclosure is made agrees to be bound by these confidentiality obligations), business entity or government agency (except as mandated by state or federal law);

(c) that you shall not make any statements that are professionally or personally disparaging about, or adverse to, the interests of CiviGenics (including its officers, directors and employees) including, but not limited to, any statements that disparage any person, product, service, finances, financial condition, capability or any other aspect of

the business of CiviGenics, and that you will not engage in any conduct which is intended to harm professionally or personally the reputation of CiviGenics (including its officers, directors and employees);

(d) that you shall abide by the provisions of the Non-Competition Agreement (the "Non-Competition Agreement," the terms of which are hereby incorporated by reference and shall survive the signing of this Agreement) which you have previously executed and which is attached hereto as Exhibit C, and that you will abide by any and all common law and/or statutory obligations relating to protection and non-disclosure of CiviGenics's trade secrets and/or confidential and proprietary documents and information;

(e) that the breach of any of the foregoing covenants by you shall constitute a material breach of this Agreement and shall relieve CiviGenics of any further obligations hereunder and, in addition to any other legal or equitable remedy available to CiviGenics, shall entitle CiviGenics to recover any Severance already paid to you pursuant to Section 2 of this letter and to initiate legal action to recover from you the full amount of the Diverted Funds.

9. **Return of Company Property**. You agree that, notwithstanding Section 6(c) above, you have returned, or immediately shall return to CiviGenics all CiviGenics property, including but not limited to, any and all documents or files (including any and all copies thereof, in electronic form or hard copy), keys, access cards or passes to Company facilities or properties, pagers, cellular telephones, computers, facsimile machines and related peripheral equipment, company credit cards, calling cards, vouchers, convenience checks, software, hardware or other property. Should you fail to return any such Company property, in addition to any other legal or equitable remedy available to CiviGenics, CiviGenics shall be entitled to recover any Severance already paid to you pursuant to Section 2 of this letter and to initiate legal action to recover from you the full amount of the Diverted Funds and any wrongfully converted property.

10. **Release of Claims.** You hereby agree and acknowledge that by signing this letter and accepting the Severance to be provided to you, and other good and valuable consideration provided for in this Agreement, you are waiving your right to assert any form of legal claim against CiviGenics whatsoever for any alleged action, inaction or circumstance existing or arising from the beginning of time through the Effective Date. Your waiver and release herein is intended to bar any form of legal claim, charge, complaint or any other form of action (jointly referred to as "Claims") against CiviGenics seeking any form of relief including, without limitation, equitable relief (whether declaratory, injunctive or otherwise), the recovery of any damages or any other form of monetary recovery whatsoever (including, without limitation, back pay, front pay, compensatory damages, emotional distress damages, punitive damages, attorneys fees and any other costs) against CiviGenics, for any alleged action, inaction or circumstance existing or arising through the Effective Date.

Without limiting the foregoing general waiver and release, you specifically waive and release CiviGenics from any Claim arising from or related to your employment relationship with CiviGenics or the termination thereof, including, without limitation:

** Claims under any state or federal discrimination, fair employment practices or other employment related statute, regulation or executive order (as they may have been amended through the Effective Date) prohibiting discrimination or harassment based upon any protected status including, without limitation, race, national origin, age, gender, marital status, disability, veteran status or sexual orientation. Without limitation, specifically included in this paragraph are any Claims arising under the federal Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Acts of 1866 and 1871, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act, the Americans With Disabilities Act and any similar Massachusetts or other state statute.

** Claims under any other state or federal employment related statute, regulation or executive order (as they may have been amended through the Effective Date) relating to wages, hours or any other terms and conditions of employment. Without limitation, specifically included in this paragraph are any Claims arising under the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the National Labor Relations Act, the Employee Retirement Income Security Act of 1974, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) and any similar Massachusetts or other state statute.

** Claims under any state or federal common law theory including, without limitation, wrongful discharge, breach of express or implied contract, promissory estoppel, unjust enrichment, breach of a covenant of good faith and fair dealing, violation of public policy, defamation, interference with contractual relations, intentional or negligent infliction of emotional distress, invasion of privacy, misrepresentation, deceit, fraud or negligence.

** Claims under the ISO Agreement or the Option Plan or any other stock award or option plan.

** Any other Claim arising under state or federal law.

Notwithstanding the foregoing, this section does not release CiviGenics from any obligation expressly set forth in this Agreement. You acknowledge and agree that, but for providing this waiver and release, you would not be receiving the Severance being provided to you under the terms of this Agreement.

You explicitly acknowledge that because you are over forty (40) years of age, you have specific rights under the Older Workers Benefits Protection Act ("OWBPA"), which prohibits discrimination on the basis of age, and that the releases set forth in this section are intended to release any right that you may have to file a claim against CiviGenics alleging discrimination on the basis of age.

It is CiviGenics's desire and intent to make certain that you fully understand the provisions and effects of this letter. To that end, you have been encouraged and given the opportunity to consult with legal counsel for the purpose of reviewing the terms of this letter. Consistent with the provisions of OWBPA, CiviGenics is providing you with twenty-one (21) days (until April 29, 1999) in which to consider and accept the terms of this Agreement by signing below and returning it to Robert E. Kinney, CiviGenics, Inc., 100 Locke Drive, Marlboro, MA 01752. In addition, you may rescind your assent to this Agreement if, within seven (7) days after you sign this Agreement, you deliver a notice of rescission to Robert E. Kinney at CiviGenics. To be effective, such rescission must be hand delivered or postmarked within the seven (7) day period and sent by certified mail, return receipt requested, to Robert E. Kinney, CiviGenics, Inc., 100 Locke Drive, Marlboro, MA 01752.

**11.** **Entire Agreement/Choice of Law/Enforceability.** You acknowledge and agree that, with the exception of the Disclosure Agreement, this Agreement supersedes any and all prior or contemporaneous oral and/or written agreements between you and CiviGenics, and sets forth the entire agreement between you and CiviGenics. No variations or modifications hereof shall be deemed valid unless reduced to writing and signed by the parties hereto. This Agreement shall be deemed to have been made in the Commonwealth of Massachusetts, shall take effect as an instrument under seal within Massachusetts, and shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts, without giving effect to conflict of law principles. You agree that any action, demand, claim or counterclaim relating to the terms and provisions of this Agreement, or to its breach, shall be commenced in Massachusetts in a court of competent jurisdiction, and you further acknowledge that venue for such actions shall lie exclusively in Massachusetts and that material witnesses and documents would be located in Massachusetts. The provisions of this letter are severable, and if for any reason any part hereof shall be found to be unenforceable, the remaining provisions shall be enforced in full.

By executing this Agreement, you are acknowledging that you have been afforded sufficient time to understand the terms and effects of this letter, that your agreements and obligations hereunder are made voluntarily, knowingly and without duress, and that neither

CiviGenics nor its agents or representatives have made any representations inconsistent with the provisions of this letter.

If the foregoing correctly sets forth our understanding, please sign, date and return the enclosed copy of this letter to Robert E. Kinney at CiviGenics.

Very truly yours,

CIVIGENICS, INC.

By: ______________________

Dated: 4-8-99

Confirmed and Agreed:

______________________

Samuel Sacco

Dated: 4/8/99

LITDOCS: 1122568.1 (_26g011.doc)

CiviGenics

**NOTICE OF RESIGNATION**

I, Samuel Sacco, hereby resign as an officer of CiviGenics, Inc. (the "Company"), as a director of CAPSTAN, LLC and as an officer and director of any and all subsidiaries of the Company, effective as of April 8, 1999.

Samuel Sacco

4/8/99
Date

LITDOCS: 1122797.1 (_2ct01!.doc)